J-A28027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES S. FLUELLEN | |
| Appellant | No. 1389 EDA 2019 |

Appeal from the PCRA Order entered April 11, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0006373-2014

BEFORE:  PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                          Filed: March 26, 2020

Appellant, James S. Fluellen, appeals from the April 11, 2019 order of

the Court of Common Pleas of Delaware County, which dismissed his request

for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.

§§ 9541-46.  Upon review, we affirm.

The factual and procedural background are not at issue here.  Briefly,

Appellant was convicted of robbing a Dollar Tree store in Sharon Hill on September 18, 2014.  Following a jury trial, Appellant was found guilty [of robbery, possessing an instrument of crime, and terroristic threats] on June 13, 2015.  Appellant was sentenced on July 16, 2015; however, after Appellant filed a motion for reconsideration of sentence, the trial court modified the sentence

_____

[*] Former Justice specially assigned to the Superior Court.

on August 20, 2015.[1]  Appellant appealed, and this Court vacated the judgment of sentence on June 6, 2016.  This Court found that the sentence as [fashioned] was illegal because Appellant's convictions of robbery and terroristic threats merged.

Following a remand, on July 20, 2016, the trial court imposed a sentence of 10-20 years' incarceration [pursuant to 42 Pa.C.S.A. § 9714].  [Appellant timely appealed.  We affirmed the judgment of sentence on May 24, 2017.]

***Commonwealth v. Fluellen***, No. 2694 EDA 2016, unpublished memorandum at 2-3 (Pa. Super. filed May 24, 2017) (citation omitted).

Appellant filed the underlying PCRA petition on December 3, 2017.  After appointing counsel, the PCRA court, on February 25, 2019, granted counsel's motion to withdraw and issued a notice of its intention to dismiss the PCRA

_____

[1] The sentence imposed for the robbery conviction (10 to 20 years' incarceration) included a mandatory 10-year minimum sentence pursuant to 42 Pa.C.S.A. § 9714(a)(1)(relating to sentences for second and subsequent offenses), followed by five years' probation. The court also imposed a consecutive term of incarceration of two to four years for possessing an instrument of crime and a consecutive term of five years of probation for the terroristic threats conviction.

For purposes of Section 9714, it is undisputed that Appellant was convicted of robbery of the first degree in 1995.  Appellant's Brief at 8-9; Commonwealth's Brief at 3, 6.  It is also undisputed that robbery constitutes a crime of violence for purposes of Section 9714, which, in relevant part, reads as follows:

Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9714(a)(1).

petition.  Appellant did not respond to the notice.  On April 11, 2019, the PCRA court dismissed Appellant's PCRA petition.  This appeal followed.

Our standard of review from a PCRA court's determination is well settled.  "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).  With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record," viewed in the light most favorable to the party who prevailed before the PCRA court.  *Id.* (citation omitted).

On appeal, Appellant argues, without providing any authority, that the imposition of a mandatory minimum sentence under Section 9714 was illegal.  Specifically, Appellant argues that the 1995 robbery conviction used to enhance the 2015 conviction should not have been considered by the sentencing court because the prior conviction occurred more than seven years prior to the second conviction.  In reaching this conclusion, Appellant relied on the older versions of Section 9714.[2]  Appellant, despite acknowledging that the seven-year requirement was no longer applicable under the amended

---

[2] Under pre-2000 versions of Section 9714, a defendant would be deemed to have a prior conviction for a crime of violence if, among other things, the previous conviction occurred within seven years of the date of the commission of the subsequent offense.  *See* 42 Pa.C.S.A. § 9714(b) (1982-2000).  Subsection (b) was deleted by December 20, 2000, P.L. 811, No. 113, § 2, effective in 60 days.

version of Section 9714 (as of 2001), argues that the "his conviction [did] not fall under [the] new legislation." Appellant's Brief at 8. However, he is not clear why he believes he is not subject to the post-2000 version of Section 9714. It appears that Appellant argues that he could not be subject to Section 9714 because he had maxed out in 1997 on the 1995 conviction. As such, the 1995 robbery conviction did not constitute a strike for purposes of Section 9714.

Even if, for sake of discussion, we were to ignore that the seven-year limitation is no longer in place, we would nonetheless conclude that Appellant's argument lacks merit. Section 9714 is unambiguous: it does not matter under Section 9714 whether Appellant served the prior sentence. The triggering event is the conviction itself, not whether he has served time on that conviction, and Appellant does not argue otherwise. Appellant's argument is, therefore, without merit.

In his PCRA petition Appellant argues that the 1995 conviction should not have been considered by the sentencing court because there was no mention of said conviction in the bill of information. The claim is meritless. "By its terms Section 9714 requires reasonable notice of the Commonwealth's intention to proceed under this section . . . after conviction and before sentencing." PCRA Court Opinion, 6/10/19, at 7 (citing 42 Pa.C.S.A. § 9714). It did so here.

Next Appellant argues that the 1995 conviction should not have counted for purposes of Section 9714 under Section 303.5 of the sentencing guidelines. The argument is without merit. Section 303.5 of the sentencing guidelines deals with rules pertaining to the determination of the prior record score in the light of prior convictions. *See* 204 Pa.Code § 303.5.[3] Here, there are no issues with Appellant's prior record score, and Appellant's prior record does not affect in any way the application of Section 9714.

Finally, Appellant argues that the sentencing court erred in imposing a mandatory minimum sentence in contravention of ***Alleyne v. United States***, 570 U.S. 99 (2013). The claim is without merit. In ***Alleyne***, the Supreme

---

[3] Section 303.5 (relating to Prior Record Score – prior convictions) reads as follows:

> (a) If there is a single offense in the prior judicial proceeding, that offense shall be counted in the calculation of the Prior Record Score.
>
> (b) If there are multiple offenses in the prior judicial proceeding:
>
>> (1) The most serious offense of the judicial proceeding shall be counted in the calculation of the Prior Record Score.
>>
>> (2) Any offense for which a sentence of supervision or confinement is imposed consecutive to a sentence for another offense in the judicial proceeding shall be counted in the calculation of the Prior Record Score.

204 Pa.Code § 303.5.

Court acknowledged that **Alleyne** is not implicated if the mandatory minimum is triggered by a prior conviction. **Id.** at 111 n.1.[4]

In light of the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/20

---

[4] In his PCRA petition, Appellant raises a plethora of claims. However, on appeal, Appellant focuses his argument on the legality of the sentence, as described above. All other claims not raised before us are deemed abandoned.